UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LARRY RYAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-322 |
| | ) | |
| ANY AND ALL OFFICERS, AGENTS, DEPARTMENTS, JAILS OR FACILITY INVOLVED, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint challenging the conditions of his confinement and alleging denial of adequate medical care. Doc. 1. The Court granted plaintiff's motion for leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4 and 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]  As he has failed to

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees.  In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon

exhaust all available administrative remedies, plaintiff's claims should be **DISMISSED**.

## BACKGROUND

Plaintiff complains generally about the conditions of his confinement and what he alleges is deficient medical care. Doc. 1. However, as the Complaint is technically deficient, it is unnecessary for the Court to engage in a detailed recitation of the facts. Suffice it to say, that plaintiff is unhappy. Despite his allegations (including the additional claims he filed on March 5, 2020, doc. 6), plaintiff concedes that he did not appeal any adverse decision to the highest level possible in the administrative procedure. Doc. 1 at 4.

## ANALYSIS

Plaintiff admits that he has not fully exhausted the available administrative remedies. *Id*. "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are

---

which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Normal pleading rules still apply to prisoner suits, however.  *Id.* at 214–15.  When a prisoner's failure to exhaust is apparent on the face of the Complaint, making it clear that the prisoner cannot state a claim for relief, dismissal is warranted under 28 U.S.C. § 1915A.  *Id.* at 214–15; *see also Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990) ("When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.").

Plaintiff fails to explain why he did not complete the grievance process.  Regardless, the only exception to exhaustion is a showing that the remedies are unavailable.  *See Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856–58 (2016) (finding that the only exception to PLRA's exhaustion requirement is when available remedies are unavailable").  As plaintiff has not exhausted his admittedly available administrative remedies prior to filing suit, his claims should be **DISMISSED** without prejudice.[2]  *See, e.g., Gill v. Deal*, 2018 WL 3650269 at *3

---

[2] The case cannot be stayed either, pending exhaustion, because PLRA requires an inmate to exhaust his administrative remedies before filing his complaint in federal court.  *See Brown v. Sikes*, 212 F.3d 1205, 1207–08 (11th Cir. 2000); ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure

(S.D. Ga. Aug. 1, 2018); *Sewell v. Ramsey*, 2007 WL 201269 at *2 (S.D. Ga. Jan. 24, 2007).

## CONCLUSION

In summary, the Court **RECOMMENDS** that plaintiff's Complaint be **DISMISSED** for failure to exhaust available administrative remedies. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $20 in average monthly deposits and a $8.75 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 4. He, therefore, owes a $4 initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information

---

before pursuing a § 1983 lawsuit"); *see also Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999).

concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see*

*Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of June, 2020.

                                        */s/ Christopher L. Ray*
                                        CHRISTOPHER L. RAY
                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA